```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MOIRA BRENNAN,                           :    10 Civ. 0338(DLC)
                        Plaintiff,       :
                                         :    MEMORANDUM OPINION
            -v-                          :         & ORDER
                                         :
NEW YORK LAW SCHOOL,                     :
                        Defendant.       :
                                         :
-----------------------------------------X
```

APPEARANCES:

For the plaintiff:
Moira Brennan, appearing pro se
2671 East 13th Street
Brooklyn, NY 11235

For the defendant:
Daniel A Rizzi
Jessica Amy Chiclacos
Nixon Peabody, LLP
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728

DENISE COTE, District Judge:

The plaintiff seeks to amend the complaint to add a claim for damages for emotional distress. The defendant opposes the motion as untimely.[1] The motion is granted.

In her original complaint, Brennan pleaded ten causes of action. Several of the causes of action asserted the creation

---

[1] The defendant does not oppose Brennan's request to eliminate one of her allegations against the defendant.

of a hostile environment and claimed that the plaintiff had been damaged in an amount to be determined at trial.  A claim for intentional infliction of mental and emotional distress asserted that the plaintiff had indeed suffered mental and emotional distress.  The complaint's prayer for relief sought, inter alia, compensatory damages and punitive damages.

Scheduling orders in this case set the deadline for the amendment of pleadings as August 13, 2010.  Fact discovery is due to conclude on August 26, 2011; expert discovery is due to conclude on October 21, 2011.

On May 27, 2011, Brennan filed this motion to amend to add a request for emotional distress damages to the prayer for relief.  As of June 24, Brennan is proceeding pro se in this litigation, her second attorney's application to withdraw having been granted.

The defendant is correct that this application for leave to amend is governed by Federal Rule of Civil Procedure 16's requirement that the plaintiff show good cause for an amendment beyond the date set by the Court's scheduling order.  Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009).  In addition, the defendant asserts that it will be injured by the amendment.  It contends it will need broader medical record authorizations than those it has received to date, fuller document discovery of

2

Brennan's psychiatric history, and depositions of her doctors and psychiatrists.

Whether or not the plaintiff had made this motion to amend, she would have been permitted at trial to seek emotional distress damages. The original complaint put the defendant on notice that the plaintiff was asserting that she suffered emotional distress from the defendant's actions and was seeking compensatory damages for that distress. In the ordinary case, a claim for compensatory damages is understood to encompass a claim for damages due to pain and suffering. The defendant, therefore, is not prejudiced by the amendment that the plaintiff seeks here.

The motion to amend is granted. Plaintiff must file her amended complaint as proposed in her motion by July 29, 2011. There will be no further extension of the dates in the Amended Scheduling Order.

Dated:   New York, New York
         July 11, 2011

                              _____
                                        DENISE COTE
                              United States District Judge