UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MOIRA BRENNAN,                          :
                         Plaintiff,     :      10 Civ. 0338 (DLC)
                                        :
            -v-                         :      OPINION & ORDER
                                        :
NEW YORK LAW SCHOOL,                    :
                         Defendant.     :
                                        :
----------------------------------------X

APPEARANCES:

Moira C. Brennan, Esq.
100 Church Street
8th Floor
New York, NY 10007

Tomasz J. Piotrowski, Esq.
176 Kent Street
Suite 2L
Brooklyn, NY 11222

Joshua A. Bernstein, Esq.
116 West 23rd Street
New York, NY 10011


DENISE COTE, District Judge:

     Plaintiff's former attorneys, Thomasz J. Piotrowski, Esq.
and Joshua A. Bernstein, Esq., have moved to fix the amount of
their respective charging liens.  In a Report and Recommendation
of August 15 ("Report"), Magistrate Judge Henry B. Pitman
recommended that Piotrowski's lien be set in the amount of
$19,800 and that Bernstein's lien be set in the amount of
$14,400.  The Report also recommended that Piotrowski be awarded

$728.45 as reimbursement for out-of-pocket expenses.  The
plaintiff, Piotrowski, and Bernstein have each filed objections
to the Report.  For the reasons set forth below, the Report is
adopted.


                          BACKGROUND

     On January 14, 2010, the plaintiff, Moira Brennan,
commenced this action against her alma mater, New York Law
School ("NYLS"), alleging violations of the Americans with
Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and various
other provisions of federal, state and local law.  The plaintiff
alleges that she suffers from multiple disabilities and that
NYLS refused to accommodate those disabilities during a portion
of the time that she was a student there.  As a result, she
maintains, her grades suffered and her earning-potential as a
practicing attorney decreased.

     At the time the complaint was filed, the plaintiff was
represented by Tomasz J. Piotrowski, Esq.  Pursuant to a
retainer agreement between the plaintiff and Piotrowski signed
on December 19, 2009, Piotrowski was entitled to one-third of
the "net proceeds" of any judgment or settlement in this matter.
The retainer agreement further provided that "[i]f for any
reason, Client desires to terminate this Agreement or retain the
services of other counsel, this will not relieve Client of her

                              2

obligation ot pay Attorney fees and costs as outlined above and agreed to by this contract."

Pursuant to Rule 16, Fed. R. Civ. P., an initial conference was held in this case on July 16, 2010.  A Pretrial Scheduling Order of July 19, 2010, directed that fact discovery conclude on April 29, 2011 and that expert discovery be complete no later than July 8, 2011.  On February 15, 2011, Piotrowski moved to withdraw from this matter, citing difficulty communicating with the plaintiff, disagreements over strategy and the plaintiff's refusal to advance out-of-pocket expenses.  The plaintiff consented to the withdrawal but requested a 90-day extension of the discovery period so that new counsel could familiarize himself with the case.  On March 1, this Court issued an Order granting Piotrowski's motion to withdraw and granting him a charging lien in an amount to be determined at a later date. The March 1 Order extended the deadline for fact discovery to May 27 but did not otherwise alter the deadlines established by the July 16 Pretrial Scheduling Order.

On March 8, 2011, Bernstein entered an appearance on the plaintiff's behalf.  Bernstein's representation was governed by a retainer agreement he signed with the plaintiff on March 5, which provided that he would be entitled to one-third of any recovery in this matter or statutory attorney's fees. Bernstein's retainer agreement expressly noted that his share of

3

the recovery was to be calculated without regard to any claim
that Piotrowski might assert.  After only a few months of
representation, on June 24, 2011, Bernstein moved to withdraw
from this matter.  The Court granted his application the same
day and awarded him a charging lien in an amount to be set in
the future.  The plaintiff proceeded pro se thereafter.

The plaintiff's underlying claims against NYLS were
resolved following a series of settlement conferences before
Magistrate Judge Pitman in autumn 2011.  A stipulation of
dismissal was endorsed by the Court on October 13; the terms of
the settlement are confidential.  Because the plaintiff was
unable to reach an agreement with her former attorneys regarding
the amount of the settlement proceeds to which each is entitled,
on October 26, the Court referred this case to Magistrate Judge
Pitman for resolution of that dispute.

Judge Pitman directed that NYLS pay to the Clerk of Court a
portion of the settlement amount sufficient to satisfy the
claims of Piotrowski and Berstein; the balance of the settlement
was paid to the plaintiff.  On November 29, Piotrowski and
Bernstein each made a formal motion for fees.  Piotrowski sought
$84,428.75 calculated as follows: (1) 324.83 hours of attorney
time, compensated at $250/hour; (2) 9.75 hours of travel time,
at $125/hour; (3) 22.25 hours of paralegal time, at $90/hour.  A
"Billing Summary" submitted by Piotrowski in support of his

4

motion indicated that the majority of the attorney time was devoted to four tasks: (1) preparing the complaint (40.25 hours); (2) reviewing approximately 2700 pages of discovery produced by the defendant (74.25 hours); (3) preparing the plaintiff's mediation position statement and supporting exhibits (29.75 hours); and (4) telephone conversations with the plaintiff (26 hours).  Piotrowski also sought reimbursement for $728.45 in out-of-pocket expenses.  Bernstein sought $47,686: (1) 157.82 hours at $300/hour; and (2) 3.4 hours of travel/paralegal time, at $100/hour.  Time records submitted in support of Bernstein's motion indicate that among the other tasks he performed, he devoted slightly more than 40 hours to reviewing documents produced by the defendant, more than 25 hours communicating with his client, and 30.8 hours working to enforce his charging lien.

Judge Pitman's August 15 Report departed from the attorneys' requests in significant respects.  Judge Pitman concluded that Piotrowski should be compensated at an hourly rate of $220, given the uncomplicated nature of the work performed and the rates generally awarded in this district to attorneys with similar experience.  The judge recommended awarding Bernstein compensation at a lower rate -- $180/hour -- because, while Piotrowski graduated law school 5.5 years before

being retained by the plaintiff, Bernstein had only a year and a half of experience.

With respect to the number of hours claimed, Judge Pitman noted that, together, the two attorneys sought to recover for over 555 hours of work.  While recognizing that both attorneys performed important work to advance the plaintiff's claims, Judge Pitman emphasized that the case settled before any depositions were conducted and without the need for any protracted court appearances or hearings.  After surveying fee awards in similar cases that have been litigated in this district, Judge Pitman determined that the number of hours for which Bernstein and Piotrowski sought compensation were "far outside the range of reasonableness" for the amount of work performed.  In light of this fact, and because certain of both attorneys' time entries described the tasks accomplished in exceedingly vague terms, Judge Pitman recommended that Piotroski be compensated for 90 hours of work and that Bernstein be compensated for 80 hours.  (Judge Pitman's recommendation with regard to Bernstein also included a discount to account for the fact that time spent attempting to recover fees is not compensable.)

In light of this analysis, Judge Pitman recommended that Piotrowski be awarded $19,800, plus $728.45 in out-of-pocket expenses, and that Bernstein's lien be set at $14,400.  Finally,

Judge Pitman considered and rejected various arguments by the plaintiff, including an argument that neither Bernstein nor Piotrowski was entitled to any compensation whatsoever.

The Report and Recommendation was issued on August 15; objections were therefore due on or before August 29.  Both Piotrowki and Bernstein filed timely objections.  Although the plaintiff objected as well, her submission, dated September 4, was untimely.  The Court has nonetheless considered the plaintiff's untimely submission, along with those of Piotrowski and Bernstein.  Having review the parties' objections and conducted a de novo assessment the issues they raise, the Court accepts the thorough and well-reasoned Report and Recommendation of the magistrate judge.


                              DISCUSSION

     A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court must conduct a de novo review of those sections of a report to which a party timely objects.  Id.  To accept those portions of the report to which no timely objection has been made, the court "need only satisfy itself that there is no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

The parties raise a number of objections to the Report, none of which has any merit.  Both Piotrowski and Bernstein argue that the magistrate judge erred in determining that the time they devoted to this case was unreasonable given the amount of work performed.  Yet the lawyers do not take issue with the magistrate judge's contention that the number of hours for which they sought compensation far exceeds the norm for a case settled before depositions have been taken.  Rather, Piotroski argues that several aspects of this particular case make a higher-than-average award proper, particularly: "the novelty and difficulty of the legal issues involved, the time and labor required to go up against a major law firm, the nature and length of the professional relationship Piotrowski had with his client, and the amount [of money, presumably,] involved in the case."  None of these factors justifies the number of hours for which Piotrowski seeks compensation.

It may be true, as the magistrate judge observed, that this case involved "novel" legal issues.  But the fact that an issue has not previously been litigated does not mean that it is a difficult one, or one warranting a significant investment of attorney time.  That is particularly true in this case, which was resolved without the need for the parties to brief the law governing the plaintiff's claims.

Nor does the fact that his opponent in this case was a well-resourced defendant represented by a major law firm justify Piotrowski's inordinate billings.  The record does not reveal that the defendant made unusually burdensome discovery demands of the plaintiff or otherwise exploited the asymmetry of resources between the parties.

Piotrowski's objection that the magistrate judge's report failed to weigh adequately "the nature and length of the professional relationship Piotrowski had with his client" stems from his view that he, rather that Bernstein, did the majority of the work to bring this case to resolution.  But in fixing the charging liens, Judge Pitman did not consider Piotrowski's and Bernstein's relative roles in resolving this case.  Rather he considered their billings independently in light of the work they performed and concluded that those billings were excessive.[1] Having conducted an independent review of those billings, the Court agrees.

Finally, Piotrowski's argument that the number of hours he devoted to this litigation is justified in light of the size of the plaintiff's ultimate recovery is meritless.  First, the

---

[1] Indeed, Judge Pitman noted that the combined number of hours for which he granted the two lawyers compensation -- 170 -- would be excessive for the work performed were it not for the need to account for the time Bernstein was required to spend familiarizing himself with the case after taking over from Piotrowski.

settlement amount is not in evidence.  Second, Piotrowski has
not shown that his inordinate investment of time in the case in
any way translated into a greater-than-expected recovery for the
plaintiff.

Bernstein's arguments are equally unavailing.  His one-page
submission -- to which he has appended the brief he filed before
Judge Pitman -- cites plaintiff's "insatiable demands upon
counsel's time" as justification for the number of hours billed.
But, when a party makes such conclusory allegations -- simply
reiterating its arguments before the magistrate judge -- the
Court reviews the Report and Recommendation only for clear
error.  Piper v. Smith, No. 07 Civ. 9866 (DLC), 2011 WL 116147,
at *2 (S.D.N.Y. Jan. 13, 2011).  In any case, of the 127 hours
of merits-related work for which Bernstein sought compensation,
only about 25 were devoted to client communication.  Bernstein
has not explained why his brief and limited involvement in the
case required him to expend over 100 hours of work on it.

The plaintiff argues that neither Bernstein nor Piotroski
is entitled to recovery and that she is entitled to a hearing at
which the court would inquire into her allegations that both
Bernstein and Piotrowski "engaged in misconduct by fraudulently
inflating time records and making material misrepresentations."
But the plaintiff has not explained the basis for her suspicions
of misconduct, nor has she cited any legal authority for the

10

proposition that by submitting inflated billings in support of a charging lien, an attorney forfeits his right to any recovery whatsoever.

Finally, the plaintiff argues that Piotrowski failed to keep contemporaneous records of the time he devoted to this matter and that accordingly he should be denied any recovery whatsoever.  As Judge Pitman recognized, however, Piotrowski represented under penalty of perjury that the billing summary he submitted in support of his motion for fees was derived from contemporaneous time records that he maintained over the course of the representation.  The plaintiff's contention to the contrary is purely speculative.

CONCLUSION

The August 15 Report and Recommendation of the magistrate judge is adopted.  The November 29 motions of Piotrowski and Bernstein are granted to the following extent: Piotrowski is awarded $19,800 in attorney's fees, plus $728.45 in out-of-pocket expenses; Bernstein is awarded $14,400 in fees.  The Clerk of Court shall enter judgment accordingly.


    SO ORDERED:

Dated:    New York, New York
          September 20, 2012


                              _____
                              DENISE COTE
                      United States District Judge